**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John Paul SMITH, Defendant–**
**Appellant.**

**No. 12–7090.**

United States Court of Appeals,
Fourth Circuit.

Submitted: Nov. 5, 2012.

Decided: Nov. 27, 2012.

John Paul Smith, Appellant Pro Se. Paul Thomas Camilletti, Thomas Oliver Mucklow, Assistant United States Attorneys, Martinsburg, West Virginia, for Appellee.

Before KING, GREGORY, and AGEE, Circuit Judges.

Dismissed in part; affirmed in part by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Paul Smith seeks to appeal the district court's orders denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2006) and his motion for reconsideration. In criminal cases, the defendant must file the notice of appeal within fourteen days after entry of the order. Fed. R.App. P. 4(b)(1)(A); *see United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir.2000) (holding that § 3582 proceeding is criminal in nature and Rule 4(b)(1)(A) appeal period applies). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R.App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir.1985).

The district court denied Smith's § 3582(c)(2) motion on February 15, 2012 and his motion for reconsideration on June 8, 2012. Smith filed his motion for reconsideration at the earliest on May 31, 2012 and his notice of appeal on June 18, 2012.* Because the notice of appeal was not timely filed as to the February 15, 2012 order, we dismiss the appeal in part as to that order. We affirm the district court's June 8, 2012 order denying Smith's motion for reconsideration. *See United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir.2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART.*

---

* For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R.App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).